

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable F. C. Bolton, Acting President
Agricultural & Mechanical College of Texas
College Station, Texas

Dear Dr. Bolton:

Opinion Number O-5636
Re: Supplementation of salaries
of itemized positions in
Chapter 399 (Educational
Appropriation Bill), Acts
48th Legislature; use of
funds received from Federal
Government under war train-
ing program contracts at
A. & M. College.

.Your letter of September 24 is as follows:

"In the present emergency it is necessary
for the College to use members of the instruc-
tional staff to direct, supervise and teach the
various war training programs under the con-
tracts with the United States Government. As
this vastly increases the responsibilities and
duties of some of the individuals concerned,
their salaries should also be increased. We
therefore submit, for your consideration, the
following question:

"Item 253 of Senate Bill 335, 48th Legislature,
covers the position of Professor and Head of De-
partment of Electrical Engineering, and carries a
salary of $4,000 for nine months. The individual
who fills this position has been given the addi-
tional responsibility of Director of the naval
training program. Approximately fifty per cent

Honorable P. C. Bolton, page #2

of his time is devoted to his duties as Director of the Naval Training School and the other fifty per cent is divided between the Army Specialized Training Program and his duties as Professor and Head of Department of Electrical Engineering. The salary would be allocated between funds from the Government and State appropriations in accordance with the time devoted to each.

"Under the general provisions of the first paragraph of Subsection 2, of the appropriations bill for the current biennium, is the salary of this employee limited to a total of $4,400 for nine months, or may the Board of Directors pay a higher salary, paying the supplement from federal funds, to give recognition to the additional duties and responsibilities which have been placed upon the individual as a result of the war training program?"

In response to request by telephone, you advised that the war training program contracts which the College has with the United States Government, contemplate and provide for the furnishing by the College of specified instruction of men of the various branches of the armed services covered by the contracts. For this service, the institution is paid by the United States a sum based upon the number of men involved, and upon cost experience of the institution in the instruction of regular students.

Besides the 253rd item of appropriation for the Agricultural & Mechanical College contained in Senate Bill 333, Chapter 399, Acts Forty-eighth Legislature, providing for payment of a nine-months salary of $4,000.00 for the position of Professor and Head of Department of Electrical Engineering, the following provisions of the Act govern the question submitted:

Honorable F. C. Bolton, page #3

"Section 1. (a) That all balances in the institutional funds of the several State institutions named in this Act, at the close of the fiscal year ending August 31, 1943, including balances in their revolving funds at that time, and the entire income to said funds during each of the two fiscal years ending August 31, 1944, and August 31, 1945, which are not otherwise appropriated for either or both of said fiscal years are hereby appropriated for the support, maintenance, operation, and improvement of said State institutions during each of the said fiscal years, respectively."

"GENERAL PROVISIONS. The expenditure of the appropriations herein made and authorized whether from the State General Revenue Fund, local institutional funds or any other receipts and funds whatsoever, except bequests and gifts, shall be subject to the following provisions:

\* \* \* \* \* \* \* \*

"Subsection (2). Salary Provisions. No salary appropriated herein shall be supplemented out of student fee funds, dormitory funds, or local funds, except out of the Pure Feed Fund at the Agricultural and Mechanical College or out of funds received from the United States Government or its agencies, unless so ordered by the governing board of the institution to which such salary or salaries apply, at a regular meeting with at least a majority of the members of such board present, and such order shall be entered in the minutes of the proceedings of said board and shall set forth fully the reasons therefor. No full time instructional salary as itemized herein shall be adjusted to exceed an amount above the maximum full professor's salary as herein itemized to be appropriated from the General Revenue Fund of the State for the particular institution to which said salary or salaries

apply, unless the maximum salary is being received in which case such adjustment may be made not to exceed ten (10) per cent above such maximum salary so received. It is further provided that compensation for correspondence and/or extension teaching as provided herein and compensation from bequests and gifts, unless so limited by the donor, shall be excluded from the salary limitations of this paragraph. The rate of the salary paid an employee of any institution named herein for services during a summer session shall not exceed the salary rate paid the employee for the same or similar services during the long session of that institution.

"Full time employees on twelve (12) months basis may receive not more than Two Hundred and Fifty ($250.00) Dollars for correspondence course and/or extension center teaching, and may not be paid additional money for summer school teaching, and full time employees on a nine (9) months basis may be paid for correspondence and/or extension center teaching or summer school or other services during the remaining three (3) months of the fiscal year, but may not receive more than Two Hundred and Fifty ($250.00) Dollars per annum for correspondence course teaching during the fiscal year and/or extension center work during the regular nine (9) months session.

\* \* \* \* \* \* \* \*

"When any additional employees other than those employed to fill the positions itemized herein are employed, and are to be paid out of said appropriations or any other funds, such employees shall not be paid larger amounts than those provided herein for similar positions in such institutions or agencies and in the event there are no similar positions within such institutions then such additional employees shall not be paid larger amounts than those provided for similar positions in other State institutions, departments or agencies."

Honorable F. C. Bolton, page #5

> "Subsection 11. Athletic or Extramural De-
> partment. The general provisions made in this
> Act shall not apply to athletic or extramural
> departments, and as to these exceptions, the
> governing board shall make such necessary rules
> and adjustments as may be deemed advisable."
> (Italics ours.)

From examination of the itemized appropriations for positions at A. & M. College, it is obvious that the appropriation of $4,000 to cover nine months salary for the position "Professor and Head of Department" of Electrical Engineering is a "full time instructional salary" within the intention of Subsection 2 of the General Provisions, supra. The salary of a person occupying that position, and receiving the full sum appropriated therefor, may not be adjusted so as "to exceed ten (10) per cent above such maximum salary so received", exclusive, however, of (a) compensation which is not in excess of $250 "for correspondence course teaching during the fiscal year and/or extension center work during the regular nine (9) months session;" (b) of compensation received from bequests and gifts, "unless so limited by the donor;" and (c) exclusive of supplementation from funds of athletic and extramural departments, for services performed in connection with those activities (our Opinion No. O-126).

The funds received from the United States Government under the war-training contracts referred to clearly are not bequests or gifts, but are paid to the State as compensation for services rendered by the College. Supplementation of salaries from such receipts, therefore, cannot be regarded as within the gift or bequest exception to the limitations upon salary adjustment in Subsection 2. Nor do we believe that the funds are those of "extramural departments," within the meaning of Subsection 11 of the General Provisions. The functions performed by the institution under the contracts are those of educational training and instruction, whereas the itemized appropriations for the "Extramural Divisions" contained in the bill are to cover the cost of non-teaching functions; e.g., research and experimentation, field and extension services, forest service, etc. In view of that fact, and that the Legislature made specific, itemized appropriations for all of the

Honorable F. C. Bolton, page #6

services recognized as extramural departments, unless the war-training programs be so considered, we are of the opinion that the Legislature did not intend that the term "extramural departments" embrace the war-training programs, many of which were in operation during the legislative session and of which the members doubtless were cognizant. Use of the funds received from the United States Government under the above mentioned war-training contracts with your institution, is therefore subject, in our opinion, to the limitations of the General Provisions of Chapter 399, supra; and in consequence, we are further of the opinion that the salary of a person occupying the position of Professor and Head of Department of Electrical Engineering may not be adjusted out of such funds so as to increase the amount payable to a sum in excess of ten per cent above the maximum salary so itemized.

This opinion does not have reference to establishment of positions other than those provided for by itemized appropriation in Chapter 399, supra; the limitations prescribed upon salaries of positions not itemized are contained in the fourth paragraph of Subsection 2, supra, and are discussed in our Opinion No. O-5440, copy of which is enclosed.

APPROVED OCT 8, 1943

*BW Fairchild*
FIRST ATTORNEY GENERAL OF TEXAS

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Gaynor Kendall*
Gaynor Kendall
Assistant

GK-s
Encl.

*of*
C. C. R.


APPROVED
OPINION
COMMITTEE
BY *BW*
CHAIRMAN